WITHEE *v.* HALL, SECRETARY OF STATE.

4-9357                                    232 S. W. 2d 827

CLEMENTS *v.* HALL, SECRETARY OF STATE.

4-9378

Opinion delivered October 2, 1950.

*Neill Bohlinger* and *Leffel Gentry,* for petitioners.

HOLT, J. We have consolidated these two cases. Each is an original proceeding here under the provisions of Constitutional Amendment No. 7 commonly known as the Initiative and Referendum Amendment.

In case No. 9357 petition was filed with the Secretary of State by various sponsors, seeking to submit a proposed constitutional amendment to repeal Amendment No. 34, commonly known as the "Freedom to Work" amendment, and in case No. 9378 the Arkansas Municipal League filed a petition with the Secretary of State for the submission of a proposed "Home Rule Amendment" to the Constitution.

In both cases plaintiffs asked that this court declare the petitions insufficient, and that the Secretary of State and the State Board of Election Commissioners be enjoined from certifying and distributing election ballots containing the proposed constitutional amendments for submission at the election November 7, 1950.

The undisputed facts in both of the above cases show that the petitions filed with the Secretary of State lacked the required number of valid signatures.

In No. 9357 it is established that the petition contained 25,929 signers, and that 24,930 were required, and that 1,020 of these signatures did not appear in the published, official list of poll tax payers, and in addition 2,616 names had been placed on the petition by someone other than the person whose name appeared, and were in fact forgeries.

In case No. 9378 it is established that the petition contained 25,534 signatures, that 24,930 valid signatures were required, and that the names of 1,423 persons, who were purported to have signed the petition, did not appear on the official poll tax list.

It thus appears from the undisputed evidence that in case No. 9357 only 24,909 names were left unchallenged and that 24,930 valid signatures were required, and in case No. 9378 only 24,111 names were left unchal-

lenged on the petition and that 24,930 valid signatures were required.

In these circumstances the rule heretofore announced by this court in the case of *Hargis* v. *Hall,* 196 Ark. 878, 120 S. W. 2d 335, is controlling here. We held in that case that upon proof being made, as here, that where persons signed the petitions whose names did not appear on the official poll tax list, there is a presumption that they were not qualified electors and in order to overcome this presumption proof to the contrary is required. No contrary proof was offered here. We said in *Hargis* v. *Hall, supra*:

"We hold, further, that the official poll tax lists, as certified by the collector and county clerk, contain, *prima facie,* the names of all persons who are eligible to vote.
\* \* \*

"No testimony has been offered even tending to show that the more than four thousand persons whose names appear on the petition, but did not appear on the official poll tax lists, were qualified electors, and the presumption attaches that they were not."

As indicated no proof has been offered in either of the cases here to rebut the *prima facie* evidence showing that the names on each of the petitions, which did not appear on the official poll tax list, were invalid.

Accordingly we hold that both petitions were insufficient and the injunctive relief prayed against respondents is granted.